Herbert G. HATT and The Albert Johann & Sons Company, Inc., Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 18657.

United States Court of Appeals, Seventh Circuit.

Feb. 17, 1972.

Samuel E. Beecher, Jr., Terre Haute, Ind., for petitioners-appellants.

Fred B. Ugast, Acting Asst. Atty. Gen., Charles E. Anderson, Atty., Meyer Rothwacks, Richard W. Perkins, Attys., Tax Division, Department of Justice, Washington, D. C., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, KILEY, Circuit Judge and GORDON*, District Judge.

PER CURIAM.

This appeal involves the consolidated federal income tax cases of Herbert G. Hatt, an individual taxpayer (Hatt), and The Albert Johann & Sons Company, Inc., a corporate taxpayer (Johann). Following a trial, the Tax Court of the United States, Judge C. Moxley Featherstone presiding, rendered separate decisions on May 7, 1970. The memorandum findings of fact and opinion of the Tax Court are reported in 28 T.C.M. 1194, Herbert G. Hatt. The Tax Court reduced the amount of the Commissioner's deficiencies and additions to tax for the taxable years 1957 through 1962 of Hatt to $22,845.85 and $4,809.74, respectively, and of Johann for the taxable years 1955, and 1957 through 1961 to $17,636.77 and $1,725.56, respectively.[1]

Taxpayers appealed. The Commissioner has not appealed from the decisions insofar as they represent factual determinations in favor of the taxpayer. We affirm.

Johann is an Indiana corporation that operated as a funeral home in Evansville, Indiana during the period in issue. In 1957, Hatt became a stockholder in and the president and general manager of Johann.

At issue generally were the reasonableness of salaries and bonuses paid to Hatt; business expense deductions claimed for a Chris-Craft boat and two airplanes, together with the reasonableness of certain compensation paid to an employee (Lucas); net operating loss claimed by Hatt and a business loss claimed on other business ventures; a group of miscellaneous adjustments flowing from the disallowance of certain business expenses claimed by Hatt and the assessment of additional constructive dividend income to him.

Taxpayer has a misconception of the law relating to the allowability of deductions on the trial level as well as the scope of review of the findings and determinations of the Tax Court on appeal. A careful consideration of all issues raised on appeal leaves us with the clear conviction that the decisions of the Tax Court are correct in all respects and should be affirmed.

Since Judge Featherstone entered meticulous findings of fact on all issues and rendered a well considered opinion in which we fully concur, we see no need to restate them here.

Accordingly, we adopt the findings of fact and the memorandum decision of the Tax Court as reported in 28 T.C.M. 1194, and on that authority affirm the decisions below.

Affirmed.

---

* District Judge Gordon of the Eastern District of Wisconsin is sitting by designation.

1. In an amended answer, the Commissioner alleged taxpayers had liability for certain additions to tax, which were not contested. Accordingly, the Tax Court upheld additions to tax of $4,809.74 with respect to Hatt, and $1,725.56 with respect to Johann. These additions are not in issue on this appeal.